**LawHQ, P.C.**
299 S. Main St., Suite 1300
Salt Lake City, UT 84111
385-285-1090

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Cindy Luchinske,<br><br>   Plaintiff,<br><br> v.<br><br>Apptness Marketing Group,<br><br>   Defendant. | Case No.: 2:23-cv-267<br><br>CLASS ACTION COMPLAINT<br>JURY DEMAND |

**CLASS ACTION COMPLAINT**

1. Americans receive billions of spam text messages every year.

2. Defendant Apptness Media Group ("Apptness" or "Defendant") is a media company that facilitates calling and sending texts to consumers nationwide for the purpose of selling a variety of products and services and is a major participant in this spam.

3. Like most Americans, Plaintiff Cindy Luchinske ("Luchinske" or "Plaintiff") has a mobile cellular telephone.

CLASS COMPLAINT - 1

4. She, and members of the classes, use their phones to receive and make important calls, to get emergency information, and to receive and send messages to family members and friends. They use their phone regularly for their personal enjoyment.

5. Apptness bombards unsuspecting consumers nationwide, including Luchinske, with annoying automated texts attempting to lure consumers to their own websites in an effort to collect their name, address, emails, phone numbers, and other personal contact information so they can sell that same information to other companies, as well as solicit products and services on these same websites.

6. Luchinske, along with class members' privacy and phones have been invaded by relentless automated telemarketing texts from Apptness.

7. Luchinske, and members of the classes, have no relationship with Apptness, have no account with Apptness, have never provided any phone number to Apptness, and have never consented to Apptness sending any type of communication.

8. Luchinske, and members of the Do Not Call Class, have tried to eliminate the harassment and invasion of their privacy from unauthorized calls by registering on the National Do Not Call Registry ("DNCR") but even that did not work.

CLASS COMPLAINT - 2

9.  Apptness simply continues to blast these same illegal telemarketing texts while hiding its identity, without caring if consent was obtained or if the recipient was on the DNCR.

10. "Robocalls and robotexts are nuisances. Congress banned them in the Telephone Consumer Protection Act of 1991 ("TCPA"). But as every American knows, there are companies—like the Defendant in this case—who refuse to get that message while collectively sending millions of others." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 688 (5th Cir. 2021).

11. Luchinske brings this action for herself and for other similarly situated people in the United States to enjoin these abusive practices and for damages.

## JURISDICTION AND VENUE

12. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C § 227.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this District.

14. This Court has supplemental jurisdiction over Washington's Consumer Electronic Mail Act ("CEMA") claim pursuant to 28 U.S.C. § 1367.

## PARTIES

15. Plaintiff Cindy Luchinske is a resident of Stevens County in Colville, Washington.

CLASS COMPLAINT - 3

16. Defendant Apptness's principal place of business is Boca Raton, Florida.

## FACTUAL ALLEGATIONS

17. Luchinske is the residential subscriber of the cell phone number 509-481-8349. Luchinske uses this number as her sole residential telephone. Luchinske uses this phone in her home. Luchinske makes and takes residential calls with this number on a daily basis.

18. On April 7, 2023, Luchinske registered 509-481-8349 on the DNCR to stop telephone solicitations.

19. Apptness initiated at least 19 text messages to Luchinske. Here are four examples:

**On 2.15.2023 at 4:33 p.m. UTC  From: #1- 858-223-7282**
*Career specialists have crafted a list of potential openings at this link. Click to begin pro-pursuitinfor.com/cb0c4be7 (-text STOP to unsub).*

**On 5.7.2023 at 3:04 p.m. UTC  From: #1-844-424-1074**
*Career specialists have crafted a list of potential openings at this link. Click to begin pro-pursuitinfor.com/cb0c4be7 (-text STOP to unsub).*

**On 5.10.2023 at 8:10 p.m. UTC From #1-844-424-1074**
*Competitive pay, PTO, and other benefits are some of the perks offered on*
*some avail jobs. Tap here pro-4pursuitinfo.com/a8fa2d11 ( - text STOP to usub).*

**On 5.14.2023 at 11:15 p.m. UTC From #1-844-424-1074**
*Competitive pay, PTO, and other benefits are some of the perks offered on*
 *some avail jobs. Tap here pro-pursuitinfo.com/d5cdcecb ( - text STOP to usub).*

CLASS COMPLAINT - 4

20. The text messages did not appropriately identify the sender as required by the TCPA, causing Luchinske to spend her time finding out who was spamming her.

21. These text messages contained URLs which directed Luchinske to domains and websites that are owned, operated, and controlled by Apptness, including global.clicktrackurl.com, signup.unclaimedmoneyinfo.com/apply, onlygreatjobs.com/apply, and others.

22. These websites, in turn, encouraged the purchase of goods and services by directing Luchinske to offers for personal loans (www.nowplatinum.com), legal assistance (https://find.help.law/home/form_offerwall.php?form_cat=54&lf=1&aff_id=8710_0020_3456_4456_3-2365_1878), affordable college (https://www.findmy-edudegree.com/?publisher_id=9747), and more.

23. Consequently, these text messages encouraged the purchase of goods and services and thus were commercial in nature. The text messages constitute both a telephone solicitation and telemarketing as defined under the TCPA.

24. Plaintiff's counsel has dozens of other clients who have received voluminous unsolicited text messages from Apptness like those sent to Luchinske.

25. On information and belief, Apptness initiates thousands of similar texts to thousands of consumers like Luchinske.

26. Luchinske never provided her number to Apptness, never had a relationship with Apptness, and never gave permission to Apptness to send any type of communication.

27. These texts have caused Luchinske frustration, stress, anxiety, and worry about scammers. Why do they keep texting even though she is on the Do Not Call Registry? How can she get them to stop? The texts cause Luchinske to avoid looking at her phones when it may be important. The texts reduce the storage

CLASS COMPLAINT - 5

and battery life on Luchinske's phone. The texts dimmish the value of Luchinske's phone and Luchinske's enjoyment of life. In short, the texts invade Luchinske's privacy and cause a nuisance, an annoyance, and an intrusion into Luchinske's seclusion.

## LEGAL STANDARD

28. **National Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the national DNCR. 47 C.F.R. § 64.1200(c)(2). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Wireless telephone subscribers are allowed to place their number on the DNCR. 47 C.F.R. § 64.1200(e).

29. **The Failure to Identify.** The TCPA requires telemarketers to disclose the name of the individual caller and the name of the person or entity on whose behalf the call is being made. 47 C.F.R. § 64.1200(d)(4).

30. **Text Messages Are Calls.** Both phone calls and text messages qualify as a "call." *Satterfield v. Simon Schuster*, 569 F.3d 946, 952-54 (9th Cir. 2009) (citing *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd. 14014, 14115 ¶ 165, 2003 WL 21517853).

CLASS COMPLAINT - 6

31.   **Commercial Electronic Text Messages pursuant to Washington Law**. "No person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages." RCW 19.190.060.

## CLASS ACTION ALLEGATIONS

32.   Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of herself and three Classes of persons similarly situated in order to remedy the ongoing unlawful business practices alleged herein and to seek redress on behalf of all those persons who have been harmed thereby, including injunctive relief.

33.   **Class Definitions**. Plaintiff proposes the following Classes:

**The National DNCR Class**
All people in the United States (1) to whom Defendant initiated more than one telephone solicitation within any 12-month period, (2) to residential cellular telephone number, (3) while their phone number was listed on the National Do Not Call Registry, (4) in the four years from the filing of this action through the date of class certification.

**The Failure To Identify Class**
All people in the United States (1) who within four years prior to the filing of this action and through certification, (2) Defendant sent more than one telemarketing text message within any 12-month period, (3) to their residential cellular telephone number, (4) where the text message did not disclose the identity of the individual caller and the

CLASS COMPLAINT - 7

identity of the entity on whose behalf the call was made like the message sent to Plaintiffs.

**Washington Commercial Text Message Class**
All people in the State of Washington (1) within the four years prior to the filing of this action, (2) Defendant sent a text message, (3) to their cellular telephone number, (4) that had not clearly and affirmatively consented in advance to receive the text messages.

34.   A member of a class may sue as a representative party if the member satisfies Federal Rule of Civil Procedure 23(a)'s four prerequisites: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a).

35.   If Rule 23(a) is satisfied, a putative class representative must also show that the class falls into one of three categories under Rule 23(b). Fed. R. Civ. P. 23(b). For a Rule 23(b)(3) class, a plaintiff must make two further showings. First, a plaintiff must show that questions of law or fact common to class members predominate over any questions affecting only individual class members. *Id*. Second, a plaintiff must demonstrate class action is superior to other available methods for adjudicating the controversy.

36.   **Numerosity**. A proposed class satisfies the numerosity requirement if class members are so numerous that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1). The numerosity requirement is not tied to any fixed numerical threshold. In general, courts find the numerosity requirement satisfied when a class includes at least 40members. Here, the Classes are so numerous that joinder of all members would be impracticable. The exact size of

CLASS COMPLAINT - 8

the Classes and the identity of the members are readily ascertainable from business records and likely number in at least the thousands.

37. **Commonality**. A proposed class satisfies Rule 23's commonality requirement if there is at least one question of fact or law common to the class. Fed. R. Civ. P. 23(a)(2). It is not a high standard. The claims must depend upon a common contention such that the determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke. The Supreme Court has said the word question in Rule 23(a)(2) is a misnomer: What matters to class certification is not the raising of common questions but, rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation.

There are questions of law and fact common to the proposed including:

    i.    Did they receive a text from Apptness?

    ii.    Were the numbers texted registered on the National Do Not Call Registry?

    iii.    Did the text properly disclose the identity of Apptness?

    iv.    Were the text messages for an emergency purpose?

    v.    Were the actions willful or knowing?

38.     **Typicality**. A proposed class representative's claims and defenses must also be typical of the class. Fed. R. Civ. P. 23(a)(3). The Supreme Court has recognized that the commonality and typicality requirements of Rule 23(a) tend to merge. Typicality refers to the nature of the claim or defense of the class representative, not to the specific facts from which it arose or the relief sought. Representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical.

39.     Plaintiff's claims herein are typical of those of the Classes she seeks to represent. Plaintiff's and the Class members' claims arise from the same conduct of Defendant: text messages sent to people on the DNCR, with no identification of the sender.

40.     **Adequacy of Representation**. The final prerequisite under Rule 23(a) requires that the Court must be satisfied that the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). This overlaps in practice with the requirement under Rule 23(g) that class counsel must adequately represent the interests of the class. Fed. R. Civ. P. 23(g). The inquiry under Rule 23(a)(4) asks two questions: (1) Does the representative plaintiff and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiff and their counsel prosecute the action vigorously on behalf of the class? Plaintiff is an adequate representative of the Classes because

CLASS COMPLAINT - 10

her interests are common with the interests of the Classes, and she will fairly and adequately protect the interests of the Classes by pursuing this matter. Plaintiff is represented by counsel competent and experienced in TCPA and class action litigation.

41. **Predominance of Common Questions and Superiority**. A plaintiff may bring a class action under Rule 23(b)(3) only where questions of law or fact common to the class predominate over questions affecting only individual members. Fed. R. Civ. P. 23(b)(3). If liability can be determined on a class-wide basis, common issues predominate. This is true even if, at the damages stage, there remain non-injured class members and individualized damages calculations are required.

42. **Superiority**. The final determination a court must make to certify a Rule 23(b)(3) class is that class action would be superior to individual actions in fairly and efficiently resolving the claims presented in this matter. Rule 23 enumerates four factors pertinent to determining whether class action is the superior method of litigation. First, the class members' interests in individually controlling the prosecution or defense of separate actions. Fed. R. Civ. P. 23(b)(3)(A). Second, the extent and nature of any litigation concerning the controversy already begun by or against class members. Fed. R. Civ. P. 23(b)(3)(B). Third, the desirability or undesirability of concentrating the litigation

CLASS COMPLAINT - 11

of the claims in the particular forum. Fed. R. Civ. P. 23(b)(3)(C). Finally, the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(D). Where class wide litigation will reduce litigation costs and promote greater efficiency, a class action may be the superior method of litigation.

43. In the present suit, the questions of law and fact common to the class members predominate over questions affecting only individual members. A class action is superior to multiple individual suits because it conserves judicial resources, promotes consistency and efficiency of adjudication, and deters illegal activities. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

44. Managing this case as a class action should have no significant difficulties. The law applicable to each putative class member is identical. The facts are too. Ultimately, the basic questions in this case are the same for all class members.

CLASS COMPLAINT - 12

## FIRST CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)
### (On Behalf of the National Do Not Call Class)

45. Apptness's telephone solicitations via text message to the residential cellular telephones of Luchinske, and members of the National Do Not Call Class, while on the National Do Not Call Registry constitute a violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c).

46. As a result of the violation of 47 C.F.R. § 64.1200(c), Luchinske and members of the National Do Not Call Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

47. Because the violations were knowing and willful, the Court should award $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B)-(C).

48. Luchinske and members of the Do Not Call Class are also entitled to and seek injunctive relief prohibiting Apptness from sending telephone solicitations via text messages to phone numbers on the DNCR.

## SECOND CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)
### (On Behalf of the Failure to Identify Class)

49. Apptness's sending of telemarketing text messages to the residential cellular telephones of Luchinske, and members of the Failure to Identify Class,

without disclosing the identity of the individual and identity of the entity on whose behalf the messages are sent, constitutes a violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d).

50. As a result of the violations of 47 C.F.R. § 64.1200(d), Luchinske and members of the Failure to Identify Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

51. Because the violations were knowing and willful, the Court should award $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B)-(C).

52. Luchinske, and members of the Failure to Identify Class, are also entitled to and seek injunctive relief requiring Apptness to disclose the name of the actual individual and the actual name of the incorporated entity on whose behalf any text messages are sent when telemarketing.

### THIRD CAUSE OF ACTION
**Violations of Washington Statutes § RCW 19.190.060**
**(On Behalf of the Washington's Commercial Electronic Text Messages Class)**

53. Apptness initiated or assisted in the transmission of unsolicited electronic commercial text messages to a telephone number assigned to Luchinske, along with other Washington residents, using a cellular telephone or pager service

CLASS COMPLAINT - 14

that is equipped with short message capability or any similar capability allowing the transmission of text messages, a violation of § RCW 19.190.060.

54. As a result of each violation of § RCW 19.190.060, Luchinske and other members of the Washington Commercial Electronic Text Messages Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to §§ RCW 19.190.040 and 19.86.090.

55. Luchinske, and members of the class, are also entitled to injunctive relief prohibiting Apptness from sending commercial text messages without first obtaining clear and affirmative consent.

## RELIEF REQUESTED

56. Luchinske, and members of all classes, respectfully request that the Court grant all Class members the following relief against Apptness:

   A. Certification of the proposed Classes;

   B. Appointment of Luchinske as class representative;

   C. Appointment of the undersigned as counsel for the Classes;

   D. An order enjoining Apptness from sending telephone solicitations via text messages to phone numbers on the DNCR;

   E. An order requiring Apptness to disclose the actual name of the individual as well as the actual name of the incorporated entity on whose behalf any text messages are sent when telemarketing;

CLASS COMPLAINT - 15

F.   An award of damages to Luchinske and members of the Classes, as allowed by law;

G.   An award of attorney fees, as allowed by law; and

H.   Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiffs request a jury trial as to all claims of the Complaint so triable.

Dated: September 11, 2023

Respectfully Submitted,

/s/ Conner Spani
Conner Spani (WSBA # 58788)
LawHQ, P.C.
299 S. Main St., Suite 1300
Salt Lake City, UT 84111
385-285-1090
conner.spani@lawhq.com

*Attorney for Plaintiff*

CLASS COMPLAINT - 16